Smith, J.
(dissenting). The issue here is whether the City was permitted to retain reimbursement for interim assistance provided petitioner although such reimbursement was made after the initial Federal SSI payment. Because I believe that the Appellate Division was correct when it determined that such corrective payment was properly made to the City, I dissent and vote to affirm the order of the Appellate Division.
On December 11, 1987, petitioner filed an application for Federal Supplemental Security Income disability benefits (SSI). While her application was being processed, she applied for and received Home Relief interim assistance benefits through the New York City Department of Social Services (City DSS). In April 1990, the Social Security Administration (SSA) determined petitioner eligible for benefits, but only as of September 14, 1988 and made an initial payment of benefits for the period September 14, 1988 through April 1990 directly to City DSS for interim assistance provided petitioner. City DSS inaccurately thought that the payment represented reimbursement for the entire period for which interim assistance was provided (December 11, 1987 though April 1990) and kept the entire payment.
Petitioner appealed SSA’s initial determination that eligibility dated from September 1988 as opposed to December 1987, the date of her initial application. In November 1990, the SSA Appeals Council found that petitioner was actually disabled for the period December 11, 1987 through September 13, 1988 and awarded her benefits from that time period. This award of *370 "retroactive benefits” was included in petitioner’s thirteenth SSI check and sent directly to City DSS. City DSS again kept the complete thirteenth payment as reimbursement for interim assistance for the entire period December 11, 1987 through April 1990, instead of December 1987 through September 1988. Petitioner requested that City DSS correct its error. After realizing its error, City DSS recalculated the amount of interim assistance provided and remitted the excess to petitioner.
Petitioner, simultaneously, requested a fair hearing to review City DSS’s determination to retain any portion of the "non-initial” payment. State DSS upheld City DSS’s retention of part of the corrective payment. Petitioner commenced this CPLR article 78 proceeding seeking reversal of State DSS’s decision after the fair hearing. The motion court held that the multiple checks issued at different times did not constitute an initial payment within the meaning of Federal and State law. The Appellate Division reversed, holding essentially that SSA’s mistake in calculation should not result in a windfall to petitioner allowing her to receive SSI benefits for a period during which she also received Home Relief benefits.
Under the Federal SSI program, monthly Federal benefits are provided to eligible individuals who are aged, blind, or disabled and poor to maintain basic subsistence (42 USC § 1381). These benefits are not subject to attachment without express statutory authority (42 USC §§ 407, 1383 [d] [1]). Determination of an applicant’s eligibility for SSI benefits takes time and could in some instances leave applicants without assistance for the period during which their application is being processed. During this "interim” period, applicants may seek assistance from State agencies under the Interim Assistance Program (IAP) (42 USC § 1383 [g]; 20 CFR 416.1901). The Interim Assistance Provisions of the Social Security Act is a program enacted by Congress in 1974 specifically to aid individuals awaiting determination of applications for Federal SSI benefits (id.). Under this program, State and local social service agencies are permitted to recoup interim assistance.
To receive reimbursement for interim payments, a State must agree to pay any excess reimbursement to the recipient (42 USC § 1383 [g] [4] [A]). The Federal regulations provide that when a recipient so authorizes, SSA may withhold a recipient’s benefits and when SSA makes the "initial pay *371 ment” of benefits, send payment directly to the State, provided the State has entered into an appropriate agreement with SSA (20 CFR 416.1904).
Social Services Law § 158 (a) provides the statutory authority for New York State to receive and deduct interim assistance from an SSI recipient’s "initial payment.” The regulations define "initial payment” as the amount of SSI benefits SSA determines to be payable at the time the first payments of SSI benefits are made (18 NYCRR 370.7 [a] [2]). Although a State or local social service district is permitted to recover for interim assistance provided an individual awaiting determination on an SSI application, the regulation prohibits further recovery where the initial payment is insufficient to fully reimburse such agency for interim assistance. Specifically the regulations provide:
"Upon receipt of an initial payment, the local social services district shall deduct therefrom the amount of interim assistance provided. If the initial payment is less than the interim assistance provided, recoupment cannot be made from subsequent SSI payments” (18 NYCRR 370.7 [c] [3]).
Petitioner argues that the plain language of the Federal and State statues requires a finding that any payments, corrective or otherwise, made after the initial payment are to be paid directly to the recipient. Petitioner’s strict reading of the statutes is contrary to the purpose and spirit of the Interim Assistance Program’s enactment. States and local social service districts participating in the interim assistance program provide essential financial relief to applicants awaiting eligibility determination for Federal SSI benefits. As participation in the LAP program is voluntary, the possibility of continually losing valuable public resources to applicants receiving double benefits serves little or no incentive for continued State participation.
Essentially, petitioner contends that not only is she entitled to the interim assistance she received from City DSS while awaiting determination of her SSI application, but regardless of an error in calculation resulting in a double outlay of benefits from both City DSS and Federal SSI covering the identical period, she is nevertheless entitled to retain any excess not provided in the "initial payment” or the "first payment” of Federal benefits. This interpretation, however, is counter to the rationale for IAP’s enactment. The purpose for *372 which the Federal and State IAP statutes were enacted is that when an applicant is awaiting determination for SSI benefits and receives interim assistance from a State or local social service district, such agency is entitled to recoup whatever assistance has been provided.
The State apparently loses some reimbursement for interim assistance when SSA determines a person is not eligible for such assistance. Further, if a determination is made that an individual is entitled to benefits covering a period less than that for which the State has provided interim assistance, and the initial payment reflects only that period, the State is not permitted to recoup the balance of assistance provided from the recipient. While the statute specifically prohibits recoupment of interim assistance for periods an applicant is found ineligible for Federal SSI, this prohibition does not refer to a double recovery situation provided this petitioner.
Here, SSA made an initial determination of entitlement to benefits for only part of the period for which City DSS provided interim assistance, with payment made accordingly. Subsequently, SSA determined that petitioner was actually entitled to benefits for the entire period that City DSS provided interim assistance and, thereafter, SSA provided benefits on a retroactive basis to cover the period not provided for in the initial payment. In this instance, reimbursement to the State or local social service agency, even if after the first payment, is permissible to avoid the double receipt of benefits to the SSI recipient.
In a recent decision involving a dispute between State DSS and SSA regarding their interagency agreement under the SSI interim assistance program, the Secretary of the United States Department of Health and Human Services determined that SSA’s policy of sending "corrective payments” directly to recipients rather than to the State was fully supported by statute. The Secretary concluded that recovery of interim assistance by State and local agencies to retroactive benefits is limited to that initially determined to be due. This conclusion not only frustrates the purpose of the IAP, but implies that the statute intends to provide recipients with, in this case, duplicate benefits. Faced with the unreimbursed costs of administering benefits under IAP, loss of benefits provided during periods when applicants are ineligible for SSI and the absorption of nonreimbursable benefits due to an error in *373 eligibility determination on SSA’s part, this conclusion further serves as a disincentive for State and local social service agencies to provide assistance under IAP.
It should be emphasized that the letter decision by the Secretary of the United States Department of Health and Human Services has no application here. The letter states, inter alla, that any corrective payments of SSI benefits, other than the initial or first payment, should be sent not to the City or State but directly to the recipient even though the City or State has made interim payments covered by the corrective payments. Here, unlike the situation in the letter decision, the corrective payments were sent to the City. It is unreasonable to now say that the City must give those payments to a recipient who has received the interim benefits and then find another means of recouping those benefits from that same recipient. Moreover, the New York State regulations contemplate that an initial payment may be made in more than one check. Thus, 18 NYCRR 370.7 (a) (2) states:
” [T]he amount of SSI benefits determined by the Social Security Administration (SSA) to be payable to an eligible individual (including retroactive amounts, if any) at the time the first payments of SSI benefits are made” (emphasis supplied).
Finally, the suggestion by the majority that recoupment can be made by applying Social Services Law § 158 (d) and (e) is not a reasonable alternative to the City’s retention of the funds it has received. Those sections provide that a recipient of Home Relief can be required (1) to assign to the State and the social services district any rights of support from any other person or (2) to assist public authorities in establishing the paternity of a child and in efforts to secure assistance from the father.
Accordingly, I would affirm the order of the Appellate Division.
Chief Judge Kaye and Judges Simons, Levine and Ciparick concur with Judge Titone; Judge Smith dissents and votes to affirm in a separate opinion in which Judge Bellacosa concurs.
Order reversed, etc.